UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERNESTO MISSIEGO,<br><br>Defendant. | Case No. 20-cr-00317-JSW-6<br><br>**ORDER DENYING MOTION TO CLARIFY JUDGMENT AND COMMITMENT**<br><br>Re: Dkt. No. 561 |

Now before the Court for consideration is the motion to clarify the judgment and commitment, filed by Defendant Ernesto Missiego ("Missiego"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes the motion can be resolved on the papers.[1]

On February 15, 2022, Missiego appeared before the Court to enter a guilty plea to one count of distribution of methamphetamine and for sentencing. (Dkt. Nos. 488-491.) The Court imposed a term of 24 months imprisonment. (Dkt. No. 490, Judgment.) At that time, Missiego had been in federal custody for a period of 319 days, pursuant to a writ of habeas corpus *ad prosequendum* pursuant to a commitment to the Division of Juvenile Justice ("DJJ") on a juvenile conviction. (Dkt. Nos. 234-235, 240; Jordan Decl., ¶ 3; Dkt. No. 472, ("Pre-Plea Presentence Investigation Report ("PSR"), ¶ 60.) Pursuant to that conviction, Missiego was committed to the DJJ for a maximum term of 9 years, with credit for 880 days. (*Id.*) However, on March 29, 2022, the California Court of Appeal remanded to the Juvenile Court for a redetermination of the maximum time of commitment. *In re E.M.*, No. A161454/A1651850, 2022 WL 909220, at *1,

---

[1] Counsel attests that Defendant waived his right to be present for a hearing on the motion. (Dkt. No. 561 at ECF pp. 8-9, Declaration of John Jordan ("Jordan Decl."), ¶ 6.)

\*4-\*5 (Cal. App. 1st Dist. Mar. 29, 2022). On remand, the Juvenile Court voided the DJJ commitment, terminated Missiego's probation unfavorably, vacated the wardship that had been imposed, and dismissed the case. (Dkt. No. 561-3, Def. Ex. C.)

Missiego has been informed that he is not receiving credit for 319 days he spent in federal custody before sentencing (April 2, 2021 through February 15, 2022). Although he and his counsel have sought relief from the Bureau of Prisons ("BOP"), those efforts have not been successful. (Jordan Decl., ¶¶ 3-5, Dkt. Nos. 561-4, 561-5, Def. Exs. D-E.)[2] Thus, Missiego moves for relief pursuant to Federal Rule of Criminal Procedure 36.[3] The Government correctly argues that the Court cannot award Missiego credit the time at issue and cannot order the BOP to do so, which Missiego concedes on reply. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). Missiego asks the Court to amend the judgment to include a non-binding recommendation to the BOP that he be granted credit for the time served in federal custody.

The Court denies Missiego's request for a non-binding recommendation. The Court granted him a substantial variance at sentencing, was aware of his state court proceedings at that time, and concludes the goals of sentencing would be better served if it declined to exercise its discretion in this manner. However, this ruling is without prejudice to raising these issues in a habeas petition pursuant to 28 U.S.C. section 2241 ("Section 2241") in the Eastern District of California, where he is incarcerated.

**IT IS SO ORDERED**.

Dated: March 6, 2023

_____
JEFFREY S. WHITE
United States District Judge

---

[2] The BOP reports that Missiego's release date is February 20, 2024. *See* https://www.bop.gov/inmateloc (last visited Mar. 6, 2023).

[3] "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."